

# THE ATTORNEY GENERAL
## OF TEXAS

### AUSTIN, TEXAS 78711

JOHN L. HILL
ATTORNEY GENERAL

April 6, 1977

The Honorable B. L. DeBerry
Engineer-Director
State Department of Highways
    & Public Transportation
Austin, Texas   78701

Opinion No. H-972

Re:  Whether the Depart-
ment of Highways and
Public Transportation can
limit bidding to persons
licensed to do business
in Texas.

Dear Mr. DeBerry:

You have requested our opinion regarding the authority
of the Texas Department of Highways and Public Transportation
to restrict bidding on contracts for highway projects to
persons licensed to do business in Texas.  Competitive
bidding is statutorily required for highway contracts and
the Highway Department is not permitted to attach conditions
which restrict the field of bidders beyond restrictions
imposed by the Legislature.  V.T.C.S. art. 6674h; Texas
Highway Comm. v. Texas Assn. of Steel Importers, 372 S.W.2d
525 (Tex. 1963).

Article 8.01 of the Texas Business Corporation Act
provides:

> No foreign corporation shall have the
> right to transact business in this
> State until it has procured a certificate
> of authority so to do from the Secretary
> of State.

Sec. A.  The statute then, "[w]ithout excluding other activities,"
lists thirteen acts which specifically do not constitute
"transacting business."  Sec. B.  Bidding on contracts is
not among the listed activities.  You ask, therefore, whether
bidding should be deemed "transacting business" for purposes
of article 8.01.

No Texas court has ever ruled directly on this question, but other jurisdictions have addressed the problem.  In _Hogan v. City of St. Louis_, 75 S.W. 604, 605 (Mo. 1903), the Supreme Court of Missouri explained its rationale thus:

> Now, when our statutes say that a foreign corporation shall not "transact business" here until it establishes a public office in this state, where books are kept and process may be served, and until it pays its quasi incorporation tax, and takes out its license, do they mean that the corporation must do all those acts before it can lawfully enter into a contract to do any business here?  Does our law mean that, when advertisements inviting bids on public or private works in this state are read by foreign corporations, they are to understand that they have not the right to bid and have their bids accepted unless they shall have already complied with the terms of our statute to enable them to transact business here?  No; that is not the meaning of our statutes.  No such policy of exclusion has ever been shown in any of our legislative acts.  Foreign corporations have always been invited and encouraged to come.  The obtaining of a desirable contract is sometimes an inducement for a foreign corporation to come into the state.  It is not bound to establish itself here before it can obtain such a contract.  Entering into a contract like the one in question undoubtedly is "transacting business," within the unlimited meaning of the term, but that is not the sense in which the term is used in the statute just quoted.  As there used, it means carrying on the work for which the corporation was organized, and, in its application to the facts of this case, it means performing the work called for by the contract.

See also _Automotive Material Co. v. American Standard Metal Products Corp._, 158 N.E. 698 (Ill. 1927); _State v. American Book Co._, 76 P. 411 (Kan. 1904).

On the basis of the rationale from other jurisdictions, it is our opinion that the Texas Supreme Court would probably hold that the mere bidding on a contract is not embraced within the meaning of "transacting business" in article 8.01 of the Texas Business Corporation Act.  As a result, while the Department of Highways and Public Transportation may require reasonable qualifications relating to a bidder's responsibility, it may not, in our opinion, restrict bidding on contracts to persons licensed to do business in Texas.

### S U M M A R Y

We believe in a case of first impression in Texas, the Texas Supreme Court would probably hold that bidding on a contract is not included within the meaning of "transacting business" in article 8.01 of the Texas Business Corporation Act and thus, a state agency may not restrict bidding on contracts to persons licensed to do business in Texas.

Very truly yours,

JOHN L. HILL
Attorney General of Texas

APPROVED:

DAVID M. KENDALL, First Assistant

C. ROBERT HEATH, Chairman
Opinion Committee

jwb